# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| NEW ENGLAND FISHERMEN'S STEWARDSHIP ASSOCIATION<br><br>    *Plaintiff,*<br>v.<br><br>GINA RAIMONDO, U.S. Secretary of Commerce, *et al.*<br><br>    *Defendants.* | No. 23-cv-00339-JAW |

I, David Osier, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

    1.    My name is David Osier. I am over 18 years of age, of sound mind, and otherwise competent to make this declaration. This declaration is based on my personal knowledge.

    2.    I declare under penalty of perjury under the laws of the United States that the information in this declaration is true and correct.

    3.    I am a member of the New England Fishermen's Stewardship Association ("NEFSA"), a membership association and a plaintiff in this suit. I submit this declaration in support of NEFSA's standing to bring this suit.

    4.    NEFSA is dedicated to representing the interests of local commercial fishermen, educating the public about seafood resource management, and protecting

the future of fishing in New England. It strives to promote regional economic strength, ecosystem sustainability, and American food security.

5. NEFSA's membership includes fishermen adversely affected by the catch-limit reductions and cod rebuilding plan contained in Framework Adjustment 65. I am one of those members.

6. I have been a commercial fisherman for 43 years. Throughout, I have operated a fishing business (Osier's Seafood) out of South Bristol, Maine. South Bristol is a small town, and a large proportion of its residents—including fishermen, suppliers, vendors, and their families—will be harmed by the groundfishing catch limits and other regulations in Framework Adjustment 65.

7. I operate four fishing vessels, including three groundfish trawlers and one combo seiner/trawler. My trawlers are docked in Portland, Maine.

8. I have fished under the Northeast Multispecies groundfishing plan for 40 years. I make three commercial fishing trips per month, on average. My groundfish trawlers typically target haddock, cod, pollack, flounder, redfish, grey sole, monkfish, halibut, lobsters, whiting, and white hake. I typically sell my catch at the Cape Ann Seafood Auction in Gloucester, Massachusetts or at the Portland Fish Exchange in Portland, Maine.

9. Framework Adjustment 65 represents the latest regulatory assault on local commercial fishermen in New England. It will irreparably harm my business, the livelihoods of my captains and crew, and the communities we serve.

10. Most important, Framework Adjustment 65 slashes haddock catch limits. For Georges Bank haddock, the commercial ACL will plummet from 75,382 metric tons to 10,829—an 85% reduction. For haddock in the Gulf of Maine, the cut is over 78%—from 7,056 metric tons to just 1,537. For fishermen like myself who fish for haddock under leased allocations, this dramatically reduced catch limit represents a major hit to our profitability.

11. Framework Adjustment 65 is harmful in other ways, too. For one thing, it imposes a more restrictive 10-year rebuilding plan for cod. In addition to restricting our access to the cod fishery, these regulations will cause my vessels spend significant time and resources navigating away from areas where cod might be present—even if other fish we would like to harvest are likely to be there.

12. Moreover, the Framework Adjustment lowers the commercial catch limit for white hake. Hake is a deep-water fish, and it is nearly impossible to know whether white hake are present in an area. By lowering the catch limit, Framework Adjustment 65 will cause my vessels to navigate away from suspected hake areas, sacrificing possible harvests of other species.

13. Prior to the Framework Adjustment 65 catch limits developed by the Council and approved by the National Marine Fisheries Service (NMFS), I routinely harvested 400,000 lbs. of haddock and 300,000 lbs. of hake in a fishing season. Under the new regulations, I will be able to harvest (at most) around 80,000 lbs. of haddock and 140,000 lbs. of hake.

3

14. Framework Adjustment 65 and its implementing regulations will impose financial hardship on my fishing business. Based on more than 40 years of experience, I estimate that these groundfishing catch limits will reduce my revenue by around 50 percent. Even that estimate, however, assumes that my business will be able to sustain a normal schedule of fishing trips. In reality, captains and crew are less likely to sign on for much lower pay per trip—the necessary consequence of Framework Adjustment 65.

15. Because of the Council's policy decisions contained in Framework Adjustment 65, I will lose (and am currently losing) earnings and profits.

16. Because of NMFS's issuance of the Framework Adjustment 65 Final Rule and implementing regulations that embody the Council's policy decisions, I will lose (and am currently losing) earnings and profits.

17. Framework Adjustment 65, the Final Rule, and accompanying regulations are causing me irreparable harm. Every day Framework Adjustment 65's terms are in effect, I lose the opportunity to harvest haddock and other groundfish and bring that harvest to market. That financial injury cannot be recouped from the Government or made up for in future fishing years. It is irreversible and indefinite.

18. A preliminary injunction barring Defendants from implementing Framework Adjustment 65 or the Framework Adjustment 65 Final Rule would redress my injuries and those of other NEFSA members.

19. An order vacating the Framework Adjustment 65 Final Rule would redress my injuries and those of other NEFSA members.

20. An injunction barring the Council, NMFS, and the Secretary from enforcing the terms of Framework Adjustment 65 would redress my injuries and those of other NEFSA members.

21. A declaration that Framework Adjustment 65 is the illegitimate product of an unconstitutionally appointed and tenure-protected Council, as well as an unconstitutionally appointed and tenure-protected Deputy Assistant Administrator, would also redress my injuries and those of other NEFSA members.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:   September 5, 2023                    /s/ *David Osier*

                                              David Osier